UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ALVARADO<br><br>                               Plaintiff,<br><br>   - against -<br><br><br><br>INDIA ABROAD PUBLICATIONS INC.<br>                         Defendant. | Docket No. 1:20-cv-04187-JGK |

## STATEMENT OF DAMAGES

Plaintiff Jose Alvarado ("Plaintiff"), via counsel, respectfully submits this Statement of Damages in support of Plaintiff's application for entry of default judgment against India Abroad Publications Inc. ("Defendant") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

**Point I: Plaintiff's Claim Qualifies For Statutory Damages**

1. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

2. Here, the Photograph was published on June 27, 2018 and was registered within three months on September 10, 2018. See Declaration of James H. Freeman, Ex. D.

**Point II: Plaintiff Seeks $5,000.00 to Deter Willful Infringement (Without Proof of Loss)**

3. In the Digital Age, copyright infringement has reached epidemic proportions on-line. *See, e.g., United States v. Elcom Ltd.*, 203 F. Supp. 2d 1111, 1132 (N.D. Cal. 2002) ("piracy of intellectual property has reached epidemic proportions" in internet age); Jessica Silbey et al., *Existential Copyright & Professional Photography*, 95 Notre Dame L. Rev. 263, 267 (2019) ("The current, online environment makes infringements too numerous to fight exhaustively."); Ben Depoorter, *If You Build It, They Will Come*, 33 Berkeley Tech. L.J. 711, 712 (2018) ("Copyright has a small claims problem . . . . The time, effort, and legal costs involved with litigation outweigh the resources available to many copyright holders; especially in light of the modest amounts at stake in most disputes.").

4. It is well-established in this Circuit that the Court may infer willfulness from a defendant's failure to answer or otherwise appear. *See, e.g., Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."); *All–Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ("Defendants have defaulted and by virtue of their default are deemed to be willful infringers"); *Chloe v. Zarafshan,* 06 Civ. 3140, 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself."); *Malletier v. Carducci Leather Fashions, Inc.,* 648 F.Supp.2d 501, 504 (S.D.N.Y.2009) ("Here, by virtue of its default, [defendant] has admitted [plaintiff]'s allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff]'s rights."); *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *10 (E.D.N.Y. Sept. 10, 2008) ("The Court may infer that defendants' infringement was willful from their failure to continue to defend this lawsuit."); *Van Der Zee,* 2006 WL 44020, at *3

("[W]illful infringement may ... be inferred from [defendant's] failure to appear and defend the action."); *Peer Int'l Corp.,* 2004 WL 1542253, at \*3 ("the entry of the default judgment alone supports the finding of willfulness.").

5.      The Court may also infer willfulness because Defendant operates in the publishing industry. *Idir v. La Calle TV, LLC*, No. 19-CV-6251 (JGK), 2020 WL 4016425, at \*3 (S.D.N.Y. July 15, 2020).

6.      "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at \*2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at \*2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages.").

7.      Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available.*'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc.*

*v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

8.      Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history.  Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

9.      In cases where Plaintiff has elected not to provide evidence of lost licensing fees on default involving a single photograph, district courts in this Circuit have awarded anywhere between $750.00 per work up to $30,000 per work.[1]

---

[1] **$30,000:** *Verch v. Handsome Service, Inc.*, 19-cv-6162 (FB-PK) (E.D.N.Y. 5/18/20) (awarding $30,000 in statutory damages for single photograph without proof of lost licensing fee); *Bari v. Ocean Gold Media, LLC*, 18-cv-05992 (WFK-SJB) (E.D.N.Y. 2/25/20) (same); *Carmody v. DML News & Entertainment, Inc.*, 18-cv-04893 (WFK-SJB) (E.D.N.Y.10/8/19) (same); *Lanzilote v. The Tempest Media, Inc.*, 19-cv-00477 (JGK) (S.D.N.Y. 6/04/19) (same); *Anderson v. Primera Plana NY, Inc.,* No. 17-CV-7715 (JMF), 2019 WL 1966369, at *1 (S.D.N.Y. May 1, 2019) (same); *Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR) (S.D.N.Y. 4/15/19) (same); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) (same); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. 6/25/18) (same); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP) (S.D.N.Y. 5/24/18) (same); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR) (S.D.N.Y. 5/2/18) (same); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF) (S.D.N.Y. 4/24/18) (same); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS) (S.D.N.Y. 3/28/18) (same); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR (S.D.N.Y. 1/8/18) (same); *Lee v. White Cat Media*, 17-cv-8122 (JSR) (S.D.N.Y. 12/13/17) (same); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA) (S.D.N.Y. 10/11/16) (same).

**$25,000:** *Whitehead v. Mix Unit, LLC*, No. 17-CV-9476-VSB-JLC, 2019 WL 384446, at *1 (S.D.N.Y. Jan. 31, 2019), report and recommendation adopted, No. 17-CV-9476 (VSB), 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019) (awarding $25,00.00 in statutory damages for unauthorized use of a single design on T-shirts); *Sadowski v. Render Media Inc.*, No. 17CV9045PGGJLC, 2020 WL 1178629, at *2 (S.D.N.Y. Mar. 10, 2020) (awarding $25,00.00 in

10.     A $5,000 statutory damages award is justified here, even without any proof of

actual damages, for purposes of deterrence. "A statutory damages award under the Copyright Act

is by definition an authorized civil penalty." *Capital Records, Inc. v. MP3tunes, LLC*, 48

F.Supp.3d 703, 732 (S.D.N.Y. 2014). "[A]n award of statutory damages may serve purposes

---

statutory damages for unauthorized use of a single photograph with no proof of actual loss).

**$20,000:** *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (awarding $20,000 in statutory damages for unauthorized use of a single photograph with no proof of actual loss).

**$5,000**: *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020) (awarding $5,000 in statutory damages for unauthorized use of a single photograph with no proof of actual loss); *Bass v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093, at *5 (S.D.N.Y. May 28, 2020) (same); *Mango v. Pacifica Found., Inc.*, No. 18-CV-6318, 2019 WL 569073, *1 (E.D.N.Y. Feb. 11, 2019) (awarding $5,000 as "sufficient to compensate the plaintiff and to punish the defendant for its willful infringement" when the plaintiff "offered no evidence regarding actual damages or the market value of the copyrighted photographs.")

**$3,750:** *Sadowski v. Roser Commc'ns Network, Inc.,* No. 6:19-CV-592, 2020 WL 360815, at *3 (N.D.N.Y. Jan. 22, 2020)

**$2,500:** *Idir v. La Calle TV, LLC*, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *4 (S.D.N.Y. July 15, 2020) (awarding $2,500 for unauthorized use of a single photograph with no proof of actual loss); *Mantel v. Smash.com Inc.,* No. 19-CV-6113-FPG, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (same).

**$1,000:** *Dermansky v. Tel. Media, LLC*, No. 19CV1149PKCPK, 2020 WL 1233943, at *1 (E.D.N.Y. Mar. 13, 2020) (awarding $1000.00 in statutory damages for single photograph); *Mordant v. Citinsider LLC*, No. 18-CV-9054 (RA), 2019 WL 3288391, at *1 (S.D.N.Y. July 22, 2019) (same)

**$750:** *Downs v. Yeshiva World News, LLC*, No. 18CV0250LDHJO, 2019 WL 1261406, at *3 (E.D.N.Y. Feb. 1, 2019) (awarding $750 in statutory damages per work); *Stridiron v. Cmty. Broadcasters, LLC,* No. 5:19-CV-108-MAD-ATB, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019) (stating that "courts have found the statutory minimum of $750 to be a more appropriate award" for the infringement of a single photograph when a plaintiff does not provide any evidence supporting a higher amount).

traditionally associated with legal relief, such as compensation and punishment." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); *see also Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); 2 William F. Patry, Copyright Law & Practice at 1172 ("The purpose of statutory damages is not only the restitution of the defendant's ill-gotten profits, but also to discourage wrongful conduct by imposing a high enough penalty so that defendants will realize that it is less expensive to comply with the law than to violate it.").

11.     Courts in this Circuit routinely uphold substantial awards of statutory damages regardless of the actual harm suffered because statutory damages "are not meant to be merely compensatory or restitutionary," but instead serve to vindicate the statutory purpose by "discourag[ing] wrongful conduct." *Yurman Design*, 262 F.3d at 113; *accord L.A. Printex Indus., Inc. v. Does 1-10*, 543 Fed.Appx. 110, 111 (2d Cir. 2013) (affirming award of statutory damages that was "disproportionate" to actual damages because it did not "shock the conscience"); *UMG Recordings, Inc. v. MP3.Com, Inc.*, No. 00-cv-472 (JSR), 2000 WL 1262568 at \*5-6 (S.D.N.Y. Sept. 6, 2000) (approving award of up to $118 million despite lack of evidence related to actual harm).

**Point III:  The Court May Award Statutory Damages Without a Hearing**

12.     As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it

[is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

13.     Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected an award of statutory damages as a basis which, as a matter of law, does <u>not</u> require proof of actual damages or infringers' profits. *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court award $5,000.00 in statutory damages on Count I for copyright infringement.


Dated: November 25, 2020
Valley Stream, New York


Respectfully Submitted:

**/jameshfreeman/**
By: James H. Freeman
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
F: (516) 612-2740
JF@LiebowitzLawFirm.com

*Counsel for Plaintiff*